

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| I GOTCHA, INC. d/b/a BT CABARET, MAIN STAGE CABARET, AND ILLUSIONS GENTLEMAN'S CLUB, | § § § § § | |
| Plaintiff, | § § | |
| VS. | § § | NO. 4:11-CV-011-A |
| CITY OF FORT WORTH, | § § | |
| Defendant. | § | |

### MEMORANDUM OPINION
### and
### ORDER

Before the court for consideration and decision is the motion of defendant, City of Fort Worth, ("City") for summary judgment, seeking a summary adjudication in its favor of all claims and causes of action asserted against it in the above-captioned action by plaintiff, I Gotcha, Inc., d/b/a BT Cabaret, Main Stage Cabaret, and Illusions Gentleman's Club ("I Gotcha"). After having considered such motion, I Gotcha's response thereto, City's reply, other pertinent parts of the record, and pertinent legal authorities, the court has concluded that City's motion should be granted.

I.

## Background

This action was instituted by I Gotcha on December 31, 2010, in the District Court of Tarrant County, Texas, 348th Judicial District, by the filing of I Gotcha of its original petition and application for temporary injunction, permanent injunction, and damages, complaining of Section 5.209C of Ordinance No. 16118 enacted by City on September 14, 2004. Section 5.209C prescribes the colors of paint that must be used on exterior portions and/or facades, including the roof, of a building in City in which a sexually oriented business, such as those operated by I Gotcha, is housed. The text of Ordinance No. 16118 is attached as an exhibit to the complaint. Section 5.209C is worded as follows:

> All exterior portions and/or facades, including the roof, that are to be painted shall be a single achromatic color with a single achromatic color trim, both colors consisting of a neutral earth tone color only, however, the trim and the building may be a different neutral earth tone color. Nothing in this section requires the painting of an otherwise unpainted exterior portion of a sexually oriented business. All sexually oriented businesses with a current Specialized Certificate of Occupancy that are in compliance with the regulations of this Article and other applicable City Codes will have five (5) years from the date of adoption of this ordinance to comply with this subsection, however if any portion of the exterior of the building is painted or repainted before this five (5) year period expires, all portions of the exterior must be painted a single achromatic color with a single achromatic color trim as provided by this subsection.

II.

<u>City's Motion for Summary Judgment</u>
and
<u>I Gotcha's Response to the Motion</u>

City began the "Argument and Authority" section of its supporting brief with a contention that the Fifth Circuit has twice upheld paint regulations for sexually oriented businesses comparable to section 5.209C, citing <u>SDJ, Inc. v. City of Houston</u>, 837 F.2d 1268 (5th Cir. 1988), and <u>N.W. Enterprises, Inc. v. City of Houston</u>, 352 F.3d 162, 188 (5th Cir. 2003), <u>on reh'g</u> in <u>part</u> by 372 F.3d 333 (5th Cir. 2004). Br. in Supp. of Mot. at 4. From there, City devoted significant attention to alternative responses to I Gotcha's pleaded theories of unenforceability, most of which were abandoned by I Gotcha in its responsive brief.

The court surmises that the reliance by City on the rulings of the Fifth Circuit in <u>SDJ, Inc.</u> and <u>N.W. Enterprises</u> caused I Gotcha to realize that most of its pleaded contentions had already been rejected by the Fifth Circuit, because in I Gotcha's response to City's motion for summary judgment it focused on what appears to be the true nature of its complaint with section

4

5.209C, and it narrowed the issue before the court for decision, by the following explanation:

> In the present case before this court, the location, nor its secondary effects are at issue. The fulcrum question is the validity of the requirement for Plaintiff to change the shade of its exterior trim to meet and arbitrary and vague color scheme.

Br. in Supp. of Resp. at 11. In the "Conclusion and Prayer" section of I Gotcha's responsive brief, I Gotcha explained that section 5.209C "added a confused shade of trim and the definition thereto is the center of the present argument." Id. at 24. The legal arguments presented in I Gotcha's responsive brief confirm that I Gotcha's complaint is a challenge to section 5.209C on the ground that it is unconstitutionally vague.[2] Id. at 17-20. Thus, the court limits its analysis to that theory.[3]

---

[2] The structure of I Gotcha's responsive brief is puzzling. The first two-and-a-half pages are devoted to a listing of what I Gotcha refers to as "Disputed Facts." The next two pages are devoted to what I Gotcha calls "Issues of Law." However, the recited "Disputed Facts" and "Issues of Law" have virtually no relevance to what I Gotcha refers in other parts of its responsive brief to the true nature of the controversy. See Br. in Supp. of Resp. at 11, 17-20, and 24.

[3] I Gotcha devotes a portion of its responsive brief to a critique of positions taken by City in its brief on subjects that appear to be outside the scope of I Gotcha's true complaint. Br. in Supp. of Resp. at 20-23. The court does not interpret that section of I Gotcha's responsive brief to be an assertion of a complaint by I Gotcha against section 5.209C. Rather, it appears to be nothing other than a somewhat meaningless discussion of positions taken by City in its motion and supporting brief. Therefore, the court is not devoting further attention to the contents of that part of I Gotcha's responsive brief.

## III.

## Analysis

"Any statute or ordinance which proscribes certain conduct must be sufficiently definite to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute, and to avoid the possibility of arbitrary and erratic arrests and convictions." Stansberry v. Holmes, 613 F.2d 1285, 1289 (5th Cir. 1980) (internal quotation marks omitted). "A provision need not, however, be cast in terms that are mathematically precise; it need only give fair warning of the conduct proscribed, in light of common understanding and practices." Id. If there is a statutory definition, and if "[t]he definition, read as a whole, provides the necessary measure of certainty [it] is not unconstitutionally vague." Id. at 1290.

The generally worded part of section 5.209C pertaining to allowable color schemes provides that the exterior portions of the building are to be painted with a "single achromatic color with a single achromatic color trim." Supra at 2. But, section 5.209C did not stop there--it went on to explain that "both colors consisting of neutral earth tone color only, however, the trim and the building may be a different neutral earth tone color." Id. The word "achromatic," as used in section 5.209C,

6

was defined in City's Code of Ordinances, thus giving further guidance to those who might be affected by the color scheme contemplated by section 5.209C:

> *Achromatic*: For the purpose of chapter 5, article 2, Sexually Oriented Businesses, achromatic is colorless or lacking in saturation or hue. The term includes, but is not limited to, grays, tans, and earth tones. The term does not include black or any bold coloration that attracts attention.

City's Mot. for Summ. J., App., tab 3-E at 897.

No person of ordinary intelligence could be misled, or be without an understanding of the color scheme contemplated by the Ordinance. Section 5.209C, when considered together with the added definition of "achromatic," tells any reasonable person that the color scheme cannot be one that would draw attention to the exterior of the building or cause the appearance of the building to stand out from its surroundings. Read as a whole, the language of the ordinance provides the necessary measure of certainty, and is not unconstitutionally vague. It gives fair warning of the conduct proscribed, in light of common understanding and practices. Therefore, the court concludes that I Gotcha's complaint that the color scheme contemplated by section 5.209C is unacceptably vague lacks merit.

Therefore,

The court ORDERS that City's motion for summary judgment be, and is hereby, granted; and

The court further ORDERS that I Gotcha's claims and causes of action against City be, and are hereby, dismissed.

SIGNED January 26, 2012.

_____
JOHN McBRYDE
United States District Judge